Receipt number 9998-5123687

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JUSTIN TAROVISKY | : | |
| | : | |
| and | : | |
| | : | |
| GRAYSON SHARP | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No.:____19-4 C____ |
| | : | |
| THE UNITED STATES OF AMERICA | : | Collective Action |
| | : | |
| Defendant. | : | |
| _____ | : | |

### COMPLAINT

COME NOW Plaintiffs Justin Tarovisky and Grayson Sharp, on their own behalves and on behalf of all others similarly situated, and allege as follow:

### INTRODUCTION

1.     Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly-situated individuals who would have been barred from working by their employer, the Defendant United States of America, during the partial government shutdown due to a lapse in appropriations starting at 12:01 a.m., on December 22, 2018, except that they were classified as "excepted employees" ("Excepted Employees").  The U.S. Office of Personnel Management ("OPM") uses the term "excepted" to refer to "employees who are funded through annual appropriations who are nonetheless excepted from the furlough because they are performing work that, by law, may continue to be performed during a lapse in appropriations."  OPM Guidance for Government Furloughs, Sect. B.1. (Sept. 2015), *available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf.     Such Excepted

Employees "include employees who are performing emergency work involving the safety of human life or the protection of property or performing certain other types of excepted work." *Id*. These Excepted Employees were not paid for overtime work performed after the commencement of the shutdown on their regularly scheduled payday ("Scheduled Payday") for biweekly pay period 25, which includes December 9, 2018 through December 22, 2018 ("Pay Period 25").  As a result, Excepted Employees who are classified as non-exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), were not paid on their Scheduled Payday for work performed after the commencement of the shutdown in excess of the applicable overtime thresholds.  Plaintiffs seek liquidated damages under the FLSA for themselves and all other FLSA non-exempt Excepted Employees in the amount of any overtime payments to which they were entitled on the Scheduled Payday.

## JURISDICTION AND VENUE

2.      The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1), as this is a claim against the United States founded on an Act of Congress and for damages in a case not sounding in tort.

## PARTIES

3.      Plaintiff Justin Tarovisky was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25.  Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.

4.      Plaintiff Grayson Sharp was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25.  Plaintiff

2

performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.

5.      Plaintiffs have given their written consents to be parties Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents, containing each Plaintiff's name, address and signature, are appended to this Complaint.

6.      Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

## ADDITIONAL FACTUAL ALLEGATIONS
## RELEVANT TO ALL EXCEPTED EMPLOYEES

7.      Defendant partially shut down starting at 12:01 a.m., December 22, 2018.  As of this filing, the shutdown continues.

8.      The partial shutdown did not cause certain individuals within the government to cease working, including members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential appointees who are not covered by the leave system in 5 U.S.C. chapter 63.  While most of the military – including the U.S. Army, Navy, Air Force, and Marines – has separate funding, the Coast Guard is affected by the current lapse in appropriations and the shutdown that began on December 22, 2018, because it is part of the U.S. Department of Homeland Security.

9.      Defendant designated all its civilian employees in agencies and positions that were affected by the partial shutdown either as Excepted Employees or as Non-Excepted Employees. Excepted Employees were required to report to work and perform their normal duties, but they were not timely compensated for certain work performed in Pay Period 25, including work performed on December 22, 2018.

3

10.    Upon information and belief, there are over approximately 400,000 Excepted Employees, including each of the Plaintiffs, during the partial shutdown that started on December 22, 2018.

11.    Defendant is obligated to pay overtime pay for work performed in excess of applicable thresholds which may differ for FLSA non-exempt employees classified as law enforcement employees or fire fighters than for other FLSA non-exempt employees.  For overtime work performed during Pay Period 25, the FLSA obligated Defendant to make such overtime payments on the Scheduled Payday.

12.    Defendant did not pay non-exempt Excepted Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed on December 22, 2018.

13.    Excepted Employees typically are paid biweekly.

14.    For most or all Excepted Employees, the first pay period affected by the partial shutdown commenced Sunday, December 9, 2018 and ended Saturday, December 22, 2018.

15.    Upon information and belief, none of the Excepted Employees, including the Plaintiffs, were paid on their Scheduled Payday for overtime work performed on Saturday, December 22, 2018.  As of the filing of the Complaint, it is difficult to determine when any of the Excepted Employees will be paid for the overtime work performed on December 22, 2018 or for the subsequent work performed during the partial shutdown.

16.    Each Excepted Employee received information showing the amount received for work performed during each week of the preceding pay period.

17.    Because Excepted Employees were paid for a maximum of only six days during the second week of Pay Period 25, between December 16 and December 22, 2018, each Excepted

Employee was not paid at all on the Scheduled Payday for any work performed on December 22, 2018.

18.     As a result, the Excepted Employees, including the Plaintiffs, have not been timely paid for work performed on Saturday, December 22, 2018 (and possibly worked performed on subsequent days during the ongoing shutdown), on the date when such payment was due in violation of the FLSA.

19.     Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA and can rely on no authorities indicating that its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA.

20.     This Court has found that the federal government's failure to timely pay similarly-situated plaintiffs violates the FLSA and that the government is liable for liquidated damages for committing such violations.  *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017). Additionally, guidance issued by Defendant's Department of Labor, U.S. DEP'T OF LABOR, WAGE & HOUR DIVISION, DOL FACT SHEET #70: FREQUENTLY ASKED QUESTIONS REGARDING FURLOUGHS AND OTHER REDUCTIONS IN PAY AND HOURS WORKED ISSUES (Nov. 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs70.pdf, indicates that under the circumstances Defendant violated the FLSA by not paying Excepted Employees on their regularly scheduled payday.

21.     Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

22.     Because of the actions alleged above, the Excepted Employees, including the Plaintiffs, have suffered monetary damages and are entitled to liquidated damages.

## COLLECTIVE ACTION ALLEGATIONS

23.     Defendant uniformly failed to pay Plaintiffs and many or all Excepted Employees throughout the United States overtime wages on their Scheduled Payday.

24.     The amount of liquidated damages due Plaintiffs and other Excepted Employees, and the amount of unpaid overtime and liquidated damages due Excepted Employees who worked overtime on December 22, 2018, can be computed for all Excepted Employees using the same methodologies and Defendant's payroll records and employee data.

25.     Based on reports in various sources, Plaintiffs are informed and believe that there are about 400,000 Excepted Employees who were affected by the actions and failures alleged here. A collective action is the most efficient means for resolution of the claims alleged.

26.     Defendant should be required to give electronic notice of this collective action to all Excepted Employees at their work email addresses using Court-approved language because of the large number of Excepted Employees and the ease with which Defendant may communicate with the Excepted Employees electronically at those email addresses.

## COUNT ONE

### FAILURE TO PAY OVERTIME TO ESSENTIAL EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS AS REQUIRED UNDER THE FLSA

27.     Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

28.     Defendant failed to pay overtime to Excepted Employees classified as non-exempt from the FLSA overtime provisions who worked in excess of the applicable threshold for overtime performed on December 22, 2018.

29.     Many Excepted Employees classified as non-exempt from the FLSA's overtime provisions worked in excess of the applicable threshold for overtime pay on December 22, 2018.

30.     Defendant violated the FLSA by failing to pay overtime pay on the Scheduled Payday to Excepted Employees classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay.  Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

31.     As a result, Excepted Employees covered by the FLSA's overtime provisions suffered injuries, including monetary damages, and are entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a)     Enter a declaration that Defendant has violated its statutory and legal obligations and deprived Plaintiffs and all other Excepted Employees of their rights, privileges, protections and compensation under the law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

(b)     Convene a collective action pursuant to 29 U.S.C. § 216(b) and require Defendant to provide electronic notice to all Excepted Employees or, in the alternative, to provide to Plaintiffs the last known names and addresses (including electronic mail addresses) of all Excepted Employees in a readily readable and useable electronic format;

(c)     Award Excepted Employees classified as non-exempt from the FLSA's overtime provisions monetary damages in the form of liquidated damages under the FLSA equal to the amount of overtime compensation that they should have been paid on the Scheduled Payday for work performed on December 22, 2018;

(d)     Award Plaintiffs and all other Excepted Employees their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

(e)      Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,


 s/ Heidi R. Burakiewicz
HEIDI R. BURAKIEWICZ
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
hburakiewicz@kcnlaw.com

Zachary R. Henige
Robert DePriest
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
zhenige@kcnlaw.com
rdepriest@kcnlaw.com

David Borer
General Counsel
American Federation of Government Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
borerd@afge.org

Judith Galat
Assistant General Counsel
American Federation of Government Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
galatj@afge.org


Counsel of Record for the Plaintiffs

December 31, 2018

**CERTIFICATE OF SERVICE**

Pursuant to Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on the United States will be effectuated by the clerk of the court.

Respectfully,

 s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz

December 31, 2018

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12/30/2018
Date

*Grayson S Sharp*
Signature

GRAYSON S. SHARP
Printed Name

34 OAK LANE
Home Street Address

WAYMART Pa. 18472
City, State, Zip Code

Employment History:

DOJ / BOP
Federal Agency

USP CANAAN
Duty Assignment/Job Location

Senior Officer Specialist
Job Title

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12-29-2018
Date

_Justin Tarovisky_
Signature

Justin Tarovisky
Printed Name

2796 Kingwood Pike
Home Street Address

Morgantown, WV 26508
City, State, Zip Code

Employment History:

Federal Bureau of Prisons
Federal Agency

FCC Hazelton
Duty Assignment/Job Location

Senior Officer Specialist
Job Title