## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JUSTIN TAROVISKY | : | |
| | : | |
| and | : | |
| | : | |
| GRAYSON SHARP | : | |
| | : | Civil Action No. 19-4C |
| Plaintiffs, | : | |
| v. | : | Judge Patricia E. Campbell-Smith |
| | : | |
| THE UNITED STATES OF AMERICA | : | Collective Action |
| | : | |
| Defendant. | : | |
| | : | |

## FIRST AMENDED COMPLAINT

COME NOW the original plaintiffs Justin Tarovisky and Grayson Sharp, on their own behalves and on behalf of all others similarly situated, and allege as follow:

## INTRODUCTION

1. Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly-situated individuals who would have been barred from working by their employer, the Defendant United States of America, during the partial government shutdown due to a lapse in appropriations starting at 12:01 a.m., on December 22, 2018, except that they were classified as "excepted employees" ("Excepted Employees"). The U.S. Office of Personnel Management ("OPM") uses the term "excepted" to refer to "employees who are funded through annual appropriations who are nonetheless excepted from the furlough because they are performing work that, by law, may continue to be performed during a lapse in appropriations." OPM Guidance for Government Furloughs, Sect. B.1. (Sept. 2015), *available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf.  Such Excepted

1

Employees "include employees who are performing emergency work involving the safety of human life or the protection of property or performing certain other types of excepted work." *Id*. These Excepted Employees were not paid for overtime work performed after the commencement of the shutdown on their regularly scheduled payday ("Scheduled Payday") for biweekly pay period 25, which includes December 9, 2018 through December 22, 2018 ("Pay Period 25"). As a result, Excepted Employees who are classified as non-exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), were not paid on their Scheduled Payday for work performed after the commencement of the shutdown in excess of the applicable overtime thresholds. Plaintiffs seek payment of wages owed, liquidated damages, and all appropriate relief under the FLSA for themselves and all other FLSA non-exempt Excepted Employees in the amount of any overtime payments to which they were entitled on the Scheduled Payday, including related payments for any payday moving forward until the shutdown is resolved.

2.  Additionally, on January 6, 2019, Acting White House Chief of Staff John Michael Mulvaney declared: "If we don't have an agreement I think by midnight on the 8th, which is Tuesday, then payroll will not go out as originally planned on Friday night." *See* Jane C. Timm, *Government employees could go without pay for nearly a month, at least,* NBC News (January 7, 2019), *available at* https://www.nbcnews.com/politics/donald-trump/government-employees-could-go-without-pay-nearly-month-n955741. Upon information and belief, payroll for Excepted Employees is not being processed. As a result, the government will have failed to pay Excepted Employees the minimum wage for each hour worked beginning December 23, 2018 and continuing until the employees are actually paid, or alternatively, Excepted Employees, including the named plaintiffs above, will be paid less than $290 (the minimum wage of $7.25 per hour times forty hours per week) for work performed during each of those weeks. Plaintiffs seek payment of

the owed wages, liquidated damages, and all other appropriate relief under the FLSA, for themselves and all other Excepted Employees at the rate of $7.25 per hour times the number of hours worked during the Pay Period, or alternatively, for themselves and other Excepted Employees in an amount equal to the difference between $290 and the amount paid on the Scheduled Payday for work performed during each of the two weeks during Pay Period 26 (between December 23, 2018 and January 5, 2019), as well as related payments for any failure to pay the minimum wage on Scheduled Paydays moving forward if the shutdown is not resolved.

3.   Plaintiffs bring this action on their own behalves and on behalf of all government employees who (a) were classified by Defendant as "Excepted Employees," (b) performed work for Defendant at any time after 12:01 a.m. on December 22, 2018, and (c) were not paid for such work on their Scheduled Payday.  The members of this proposed collective action, including the Plaintiffs and Excepted Employees, are also referred to as "Members."

## JURISDICTION AND VENUE

4.   The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1), as this is a claim against the United States founded on an Act of Congress and for damages in a case not sounding in tort.

## PARTIES

5.   Original Plaintiff Justin Tarovisky was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25. Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.  Plaintiff was classified as an Excepted Employee and performed work for Defendant during Pay Period 26 for which Plaintiff will not be compensated on his Scheduled Payday.

6. Original Plaintiff Grayson Sharp was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25. Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday. Plaintiff was classified as an Excepted Employee and performed work for Defendant during Pay Period 26 for which Plaintiff will not be compensated on his Scheduled Payday.

7. Plaintiffs have given their written consents to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents, containing each Plaintiff's name, address and signature, are appended to this Complaint.

8. Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

**ADDITIONAL FACTUAL ALLEGATIONS
RELEVANT TO ALL EXCEPTED EMPLOYEES CLASSIFIED AS
NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS**

9. Defendant partially shut down starting at 12:01 a.m., December 22, 2018. As of this filing, the shutdown continues.

10. The partial shutdown did not cause certain individuals within the government to cease working, including members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential appointees who are not covered by the leave system in 5 U.S.C. chapter 63. While most of the military – including the U.S. Army, Navy, Air Force, and Marines – has separate funding, the Coast Guard is affected by the current lapse in appropriations and the shutdown that began on December 22, 2018, because it is part of the U.S. Department of Homeland Security.

11. Defendant designated all its civilian employees in agencies and positions that were affected by the partial shutdown either as Excepted Employees or as Non-Excepted Employees. Excepted Employees were required to report to work and perform their normal duties, but they were not timely compensated for certain work performed in Pay Period 25, including work performed on December 22, 2018. In addition, based on the declaration of Acting White House Chief of Staff Mulvaney that Excepted Employees would not be receiving pay in Pay Period 26 if the shutdown continued past Tuesday, January 8, 2019, Plaintiffs expect that they will not receive the overtime work they performed during Pay Period 26 and future pay periods if the shutdown continues and work (including overtime) is performed.

12. Upon information and belief, there are over approximately 400,000 Excepted Employees, including each of the Plaintiffs, during the partial shutdown that started on December 22, 2018.

13. Defendant is obligated to pay overtime pay for work performed in excess of applicable thresholds which may differ for FLSA non-exempt employees classified as law enforcement employees or fire fighters than for other FLSA non-exempt employees. For overtime work performed during Pay Period 25 and subsequent Pay Periods, the FLSA obligated Defendant to make such overtime payments on the Scheduled Payday.

14. Defendant did not pay non-exempt Excepted Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed on December 22, 2018.

15. Excepted Employees typically are paid biweekly.

16. For most or all Excepted Employees, the first pay period affected by the partial shutdown commenced Sunday, December 9, 2018 and ended Saturday, December 22, 2018.

17. Upon information and belief, none of the Excepted Employees, including the Plaintiffs, were paid on their Scheduled Payday for overtime work performed on Saturday, December 22, 2018. As of the filing of the Complaint, it is difficult to determine when any of the Excepted Employees will be paid for the overtime work performed on December 22, 2018 or for the subsequent work performed during the partial shutdown.

18. Each Excepted Employee received information showing the amount received for work performed during each week of the preceding pay period.

19. Because Excepted Employees were paid for a maximum of only six days during the second week of Pay Period 25, between December 16 and December 22, 2018, each Excepted Employee was not paid at all on the Scheduled Payday for any work performed on December 22, 2018.

20. As a result, the Excepted Employees, including the Plaintiffs, have not been timely paid for work performed on Saturday, December 22, 2018 (and possibly worked performed on subsequent days during the ongoing shutdown), on the date when such payment was due in violation of the FLSA.

21. Based on the Acting White House Chief of Staff's statement, Defendant will not pay non-exempt Excepted Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed in the pay period beginning on December 23, 2018, as well as for related payments on scheduled paydays moving forward if the shutdown is not resolved.

22. Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA and can rely on no authorities indicating that its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA.

23. This Court has found that the federal government's failure to timely pay similarly-situated plaintiffs violates the FLSA and that the government is liable for liquidated damages for committing such violations. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017). Under the circumstances, Defendant violated the FLSA by not paying Excepted Employees on their regularly scheduled payday, and it will continue to do so if the shutdown is not resolved.

24. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

25. Because of the actions alleged above, the Excepted Employees, including the Plaintiffs, have suffered monetary damages and are entitled to wages owed, liquidated damages, and all other appropriate relief available under the FLSA.

**ADDITIONAL FACTUAL ALLEGATIONS
RELEVANT TO ALL EXCEPTED EMPLOYEES**

26. As it relates to the government's failure to pay the minimum wage, the first pay period affected by the partial shutdown commenced Sunday, December 23, 2018. That pay period ended on January 5, 2019. Upon information and belief, Plaintiffs and Excepted Employees will not be paid on their regularly Scheduled Payday for work performed during this period, and on future Scheduled Paydays if the shutdown is not resolved.

27. As described above, the Acting White House Chief of Staff indicated that Excepted Employees will not be paid if the shutdown continues after Tuesday, January 8, 2019. That moment has passed, and, as of this filing, the shutdown continues until a time not currently known.

28. As a result, the Defendant will not pay Excepted Employees for work performed between December 23, 2018 and January 5, 2019, and on other Scheduled Paydays until the shutdown is resolved, on the date when such payment was due, in violation of the FLSA.

29. Excepted Employees are paid pursuant to schedules that permit their pay rates to be calculated as a certain amount per hour.

30. If compliance with the FLSA's minimum wage is evaluated on an hourly basis or a weekly basis, then Defendant paid Excepted Employees less than minimum wage on their Scheduled Paydays.

31. The minimum wage applicable to Members is $7.25 per hour, or $290 for a forty-hour week.

32. Because Members will not be paid for work performed during the Pay Period, Excepted Employees will be paid less than $290 each week for work performed during that period.

33. Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees the minimum wage for work performed during the Pay Period complied with the FLSA and relied on no authorities indicating that its failure to pay Excepted Employees the minimum wage complied with the FLSA.

34. As further described in Paragraph 23, above, under the circumstances, Defendant violates the FLSA by not paying Excepted Employees minimum wage on the Scheduled Payday for work performed.

35. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

36. As a result of the actions alleged above, the Excepted Employees, including the Plaintiffs, have suffered monetary damages and are entitled to payment of wages owed, statutory liquidated damages, and any other remedy available under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37. Defendant uniformly failed to pay Plaintiffs and many or all Excepted Employees throughout the United States overtime wages on their Scheduled Payday.

38. Based on the Acting White House Chief of Staff's statement, the Defendant will also uniformly fail to pay Plaintiffs and many or all Excepted Employees throughout the United States overtime wages and minimum wages on their Scheduled Payday for the pay period beginning on December 23, 2018, and on future paydays if the government shutdown is not resolved.

39. The amount of wages owed and liquidated damages due Plaintiffs and other Excepted Employees, including the amount of unpaid overtime and liquidated damages due Excepted Employees, who worked overtime on December 22, 2018, can be computed for all Excepted Employees using the same methodologies and Defendant's payroll records and employee data.

40. The amount of wages owed and liquidated damages due Plaintiffs and other Excepted Employees, including the amount of unpaid minimum wages and unpaid overtime and liquidated damages due Excepted Employees, who worked regular time and overtime after December 23, 2018, can be computed for all Excepted Employees using the same methodologies and Defendant's payroll records and employee data.

41. Based on reports in various sources, Plaintiffs are informed and believe that there are about 400,000 Excepted Employees who were affected by the actions and failures alleged here. A collective action is the most efficient means for resolution of the claims alleged.

42. Defendant should be required to give electronic notice of this collective action to all Excepted Employees at their work email addresses using Court-approved language because of

the large number of Excepted Employees and the ease with which Defendant may communicate with the Excepted Employees electronically at those email addresses.

## COUNT ONE

### FAILURE TO PAY OVERTIME TO EXCEPTED EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS AS REQUIRED UNDER THE FLSA

43. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

44. Defendant failed to pay overtime to Excepted Employees classified as non-exempt from the FLSA overtime provisions who worked in excess of the applicable threshold for overtime performed during Pay Period 25, including on December 22, 2018.

45. Many Excepted Employees classified as non-exempt from the FLSA's overtime provisions worked in excess of the applicable threshold for overtime pay on December 22, 2018, as well as on days during the pay period beginning on December 23, 2018, and Excepted Employees will likely continue to do such work during subsequent pay periods if the shutdown is not resolved.

46. Defendant violated the FLSA by failing to pay overtime pay on the Scheduled Payday to Excepted Employees classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay. Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

47. Based on statements by the Acting White House Chief of Staff, Defendant will also violate the FLSA by failing to pay overtime pay on the Scheduled Payday to Excepted Employees classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay during the pay period beginning on December 23, 2018, and

on subsequent paydays if the shutdown is not resolved. Such violations are willful, and in conscious or reckless disregard of the requirements of the FLSA.

48. As a result, Excepted Employees covered by the FLSA's overtime provisions suffered injuries, including monetary damages, and are entitled to wages owed and to liquidated damages.

## COUNT TWO

### FAILURE TO PAY MINIMUM WAGES TIMELY TO EXCEPTED EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA AS REQUIRED UNDER THE FLSA

49. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

50. Based on the Acting White House Chief of Staff's statement, Defendant will fail to pay Excepted Employees for work performed during the pay period beginning on December 23, 2018, on the Scheduled Payday, and will fail to pay them for work performed during subsequent pay periods if the shutdown is not resolved. As a result, all Excepted Employees will be paid less than minimum wage if the obligation is determined on an hourly basis or weekly basis.

51. Defendant's failure to pay Excepted Employees minimum wage on their Scheduled Payday violates the FLSA. Defendant's violation is willful and in conscious or reckless disregard of the requirements of the FLSA.

52. As a result, Plaintiffs and other Excepted Employees suffer injuries, including monetary damages, and are entitled to wages owed and statutory liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a) Enter a declaration that Defendant has violated its statutory and legal obligations and deprived Plaintiffs and all other Excepted Employees of their rights, privileges, protections

and compensation under the law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

  (b) Convene a collective action pursuant to 29 U.S.C. § 216(b) and require Defendant to provide electronic notice to all Members or, in the alternative, to provide to Plaintiffs the last known names and addresses (including electronic mail addresses) of all Members in a readily readable and useable electronic format;

  (c) Award Members classified as non-exempt from the FLSA's minimum wage and overtime provisions the wages they are owed and monetary damages in the form of liquidated damages under the FLSA equal to the amount of minimum wages and overtime compensation that they should have been paid on the Scheduled Paydays for work performed on and after December 22, 2018;

  (d) Award Plaintiffs and all other Members their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

  (e) Grant such other legal and equitable relief as may be just and proper.

            Respectfully submitted,

              s/ Heidi R. Burakiewicz
            HEIDI R. BURAKIEWICZ
            Kalijarvi, Chuzi, Newman & Fitch, P.C.
            818 Connecticut Avenue NW, Suite 1000
            Washington, D.C. 20006
            (202) 331-9260 (phone)
            (877) 219-7127 (fax)
            hburakiewicz@kcnlaw.com

            Counsel of Record for the Plaintiffs

January 9, 2019

        Zachary R. Henige
        Robert DePriest
        Kalijarvi, Chuzi, Newman & Fitch, P.C.
        818 Connecticut Avenue NW, Suite 1000
        Washington, D.C. 20006
        (202) 331-9260 (phone)
        (877) 219-7127 (fax)
        zhenige@kcnlaw.com
        rdepriest@kcnlaw.com

        Of Counsel for the Plaintiffs


        Judith Galat
        Assistant General Counsel
        American Federation of Government Employees
        80 F Street, N.W.
        Washington, DC 20001
        (202) 639-6424 (phone)
        (202) 639-6441 (fax)
        galatj@afge.org

        Of Counsel for the Plaintiffs


January 9, 2019

**CERTIFICATE OF SERVICE**

Pursuant to Rules of the United States Court of Federal Claims, Rule 4, service of this complaint on the United States will be effectuated by the clerk of the court.

Respectfully,

 s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz

January 9, 2019

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12-29-2018
Date

_Signature_

Justin Tarovisky
Printed Name

2796 Kingwood Pike
Home Street Address

Morgantown, WV 26508
City, State, Zip Code

Employment History:

Federal Bureau of Prisons
Federal Agency

FCC Hazelton
Duty Assignment/Job Location

Senior Officer Specialist
Job Title

**CONSENT TO BECOME PARTY PLAINTIFF**

    By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12/30/2018
Date

*Grayson S Sharp* (Signature)

GRAYSON S. SHARP
Printed Name

34 OAK LANE
Home Street Address

WAYMART, PA. 18472
City, State, Zip Code

Employment History:

DOJ/BOP
Federal Agency

USP CANAAN
Duty Assignment/Job Location

Senior Officer Specialist
Job Title