## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JUSTIN TAROVISKY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No. 19-04C |
| | ) (Judge Campbell-Smith) |
| UNITED STATES, | ) |
| Defendant. | ) |

## JOINT STATUS REPORT

Pursuant to this Court's January 16, 2019 order, Dkt. No. 11, the parties respectfully submit this joint status report.

Counsel for the plaintiff and counsel for the defendant conferred to discuss "deadlines for plaintiff's motion to certify this case as a collective action and for defendant's responses to plaintiff's motion for leave and motion to certify, along with any other modifications of proceedings in this matter," as required by the Court. Dkt. No. 11. Although the parties disagree on how they propose to move forward with the case, as set forth in their respective statements below, they were able to reach agreement on several matters.

First, defendant does not oppose the plaintiffs' motion for leave to file a second amended complaint. *See* Dkt. No. 8. Second, the parties agree that consolidation is appropriate for the following cases:

1. *Justin Tarovisky et al. v. United States,* No. 19-4C;

2. *Roberto Hernandez et al. v. United States*, No. 19-63C;

3. *D.P. et al. v. United States*, 19-54C;

4. *L. Kevin Arnold et al. v. United States*, No. 19-59C;

5. *Tony Rowe et al. v. United States*, No. 19-67C;

6. *Plaintiff No. 1 et al. v. United States*, No. 19-94C;

7. *I.P. et al. v. United States*, No. 19-95C;

8. *Lori Anello et al. v. United States*, No. 19-118C;

9. *Eleazar Avalos et al. v. United States*, No. 19-48C;

10. *Brian Richmond et al. v. United States*, No. 19-161C; and

11. *Quentin Baca et al. v. United States*, No. 19-213C.

The parties otherwise have differing views regarding how best to proceed in this case, which are set forth separately below.

## **PLAINTIFFS' POSITION**

As mentioned above and as the defendant further explains below, the eleven above-referenced cases appear related, thus making them appropriate for consolidation. The plaintiffs, however, will likely oppose any motion that seeks to include cases alleging distinct claims unrelated to the Fair Labor Standards Act collective-action claims brought by *Tarovisky et al.*, such as in *Joseph Abrantes et al. v. United States*, No. 19-129C (making Rule 23 class-action allegations related to the Border Patrol Agent Pay Reform Act, Back Pay Act, and U.S. Constitution).

Contrary to the defendants, plaintiffs also urge the Court to lift the current stay in the case. *See* Dkt. No. 11. The Court's rationale for granting the stay, that many of the defendant's counsel were furloughed during the recent government shutdown, is no longer applicable. The 35-day shutdown ended, and defendant's counsel has returned to work. Moreover, plaintiffs will oppose any motion by the defendants to continue to stay or otherwise suspend the proceedings in the case.[1] Although the case in *Martin et al. v. United States*, No. 13-834C, involves similar

---

[1] Likewise, plaintiffs will oppose any motion to dismiss the case filed by the defendants.

legal issues already decided by the Court, judicial economy does not warrant suspending the proceedings in the instant case.  Indeed, delaying the case will only work to prejudice employees currently unaware of the litigation.

At a minimum, plaintiffs believe it is imperative that the Court permit the Plaintiffs' to file a motion for conditional certification, to serve as lead counsel, and for a Court-approved notice to be disseminated to potential collective action members.  Unless such a motion is filed and granted, some affected employees will lose the opportunity to join the case (for instance, when they retire or otherwise end their employment with the government).

If the Court is inclined to entertain the defendant's request to stay the case, plaintiffs request permission to submit a brief in support of the issuance of notice prior to any stay.  Of course, counsel for plaintiffs will further support their position on all the above-mentioned points in separately-filed pleadings.

If the Court denies defendant's motion to stay the case, plaintiffs propose that their motion for conditional certification be filed on February 21, 2019, with the defendant's opposition and plaintiff's reply subsequently due according to the Court's local rules.

Plaintiffs also intend to seek leave to file opt-in forms submitted by employees who intend to opt-in to the litigation pursuant to the instructions set forth in this court's July 10, 2015 (ECF No. 92) and Sept. 9, 2015 (ECF No. 103) Orders in *Martin*.  The statute of limitations on each individual employee's claim is still running until the consent forms are filed with the court. Regardless of the resolution of the other outstanding issues discussed in this Joint Status Report, including defendant's motion to stay the case, there is no prejudice to any party by filing the opt-in forms with the court.

Finally, given the breadth of issues to be resolved, plaintiffs request a status conference with the court.

**DEFENDANT'S POSITION**

We believe that a suspension in proceedings is appropriate in this case, as well as in all other directly-related cases, and that plaintiffs' request to certify a collective action and to provide notice to prospective collective action members is premature.

First, as of February 6, 2019, we are aware of 12 cases that directly relate to the December 22, 2018 through January 25, 2019 lapse in appropriations, and that seek essentially the same relief. In addition to the 11 cases listed above, one other case was also filed by plaintiffs seeking collective action certification and seeking damages for work performed but not paid for during the lapse in appropriations:

12.     *Joseph Abrantes et al. v. United States*, No. 19-129C.

Accordingly, we intend to file notices of related cases in each of the 12 directly-related cases. In addition, we intend to seek to consolidate the 12 directly-related cases in the interest of judicial economy.[2] Plaintiffs' counsel largely agrees with respect to consolidation of these cases, but disagrees that *Abrantes* should be consolidated. Our motions to consolidate, which will be filed in each case as soon as possible after this joint status report is filed, more fully set forth our reasons for consolidation of all 12 cases.

For the cases that plaintiffs believe are appropriate for consolidation, plaintiffs' counsel seeks to serve as lead counsel for the consolidated cases. Although we agree with plaintiffs' counsel that one point of contact should be established for all consolidated cases, we take no

---

[2] Plaintiffs' counsel in *Plaintiff No. 1*, No. 19-94C, has sought consolidation on several of these directly-related cases. No. 19-94C, Dkt. No. 9.

position on which counsel that should be, and defer to the Court's judgment. This matter will also be addressed briefly in our notice of directly related cases and motion to consolidate.

Second, we intend to seek to suspend proceedings in these 12 related cases in the interest of judicial economy, and in advance of filing a motion to dismiss. Because these cases address legal issues very similar to the legal issues decided by the Court in *Martin et al. v. United States*, No. 13-834C, staying the cases pending final resolution of *Martin* would be the most efficient use of judicial and the parties' resources. In particular, the final determination of *Martin* will greatly assist the Court and the parties in fashioning efficient proceedings in these cases. Suspending proceedings in these cases would thus avoid the significant waste of scarce judicial and party resources by avoiding briefing on matters resolved by *Martin*, and could inform the composition of any collective action or damages calculation.

We understand that counsel for plaintiffs disagrees and believes that notice must first be provided before suspending proceedings in the consolidated cases. Proceeding in the manner suggested by plaintiffs is not in the interest of judicial economy, however, but instead will require significant judicial and party resources that may ultimately prove to be unnecessary. We will further set forth our reasons in support of suspending proceedings in all cases in our separately-filed motions,[3] which will be filed in each of the related cases, and which will also allow the Court the benefit of the views of the respective plaintiffs' counsel in each case.

Plaintiffs also request that the Court hold a status conference in this case. We defer to the Court's judgment regarding whether a status conference is appropriate at this time prior to determining some of the issues that affect each of the 12 cases. In addition, we believe that

---

[3] Pursuant to the Court's order in *Plaintiff No. 1*, No. 19-94C, Dkt. No. 10, we will file a separate notice of related cases and motion to consolidate, and motion to suspend proceedings in each of the related cases.

plaintiffs' request to file the consent forms in a particular manner is premature.  Considering that the Court has not yet determined how the cases should proceed, requesting that only the *Tarovisky* plaintiffs proceed in a particular manner, absent input from other interested parties, may not be the most efficient process.  Although we defer to the Court regarding plaintiffs' request, we respectfully request that, when the Court determines how to proceed with regard to consent forms, the Court require all plaintiffs in all cases to proceed with their consent forms in the same manner.

Finally, because, if the Court does not suspend proceedings, we intend to respond to the complaints by filing a motion to dismiss in each case, or in the consolidated cases, suggesting dates for briefing plaintiffs' early-filed motion for collective action certification is premature. Suspending proceedings in these cases until *Martin* has reached a final resolution will ultimately facilitate efficient proceedings and an expeditious final resolution in this case and in all related cases.

<div style="column">

s/Heidi R. Burakiewicz, by Erin K.
Murdock-Park, with authorization
HEIDI R. BURAKIEWICZ
Kalijarvi, Chuzi, Newman
& Fitch, P.C.
818 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20006
(202) 331-9260
hburakiewicz@kcnlaw.com

Zachary R. Henige
Robert DePriest
Kalijarvi, Chuzi, Newman
& Fitch, P.C.
818 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20006
(202) 331-9260
zhenige@kcnlaw.com
rdepriest@kcnlaw.com

Judith Galat
Assistant General Counsel
American Federation of Government
Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
galatj@afge.org

Attorneys for the Plaintiffs

Dated: February 13, 2019

</div>

<div style="column">

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/ Erin K. Murdock-Park
ERIN K. MURDOCK-PARK
ANN C. MOTTO
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 616-3753
Fax:  (202) 514-8624
erin.k.murdock-park@usdoj.gov

Attorneys for Defendant

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of February, 2019, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. This filing was served electronically to all parties by virtue of the court's electronic filing system.

　　　　　　　　　　　　　　　　　　 /s/ Erin K. Murdock-Park
　　　　　　　　　　　　　　　　　　ERIN K. MURDOCK-PARK