**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

JUSTIN TAROVISKY                          :
                                          :
GRAYSON SHARP                             :
                                          :
SANDRA PARR                               :
                                          :
JUSTIN BIEGER                             :
                                          :
JAMES BRATTON                             :
                                          :
WILLIAM FROST                             :
                                          :
STEVE GLASER                              :
                                          :
AARON HARDIN                              :
                                          :
STUART HILLENBRAND                        :
                                          :
JOSEPH KARWOSKI                           :
                                          :
PATRICK RICHOUX                           :
                                          :
DERREK ROOT                               :
                                          :
CARLOS SHANNON                            :      Civil Action No. 19-4C
                                          :
SHANNON SWAGGERTY                         :      Judge Patricia E. Campbell-Smith
                                          :
GEOFFREY WELLEIN                          :      Collective Action
                                          :
BECKY WHITE                               :
                                          :
TAMMY WILSON                              :
                                          :
     Plaintiffs,               :
v.                                        :
                                          :
THE UNITED STATES OF AMERICA              :
                                          :
     Defendant.                :
_____       :

1

<u>**SECOND AMENDED COMPLAINT**</u>

COME NOW the plaintiffs Justin Tarovisky, Grayson Sharp, Sandra Parr, Justin Bieger, James Bratton, William Frost, Steve Glaser, Aaron Hardin, Stuart Hillenbrand, Joseph Karwoski, Patrick Richoux, Derrek Root, Carlos Shannon, Shannon Swaggerty, Geoffrey Wellein, Becky White, and Tammy Wilson on their own behalves and on behalf of all others similarly situated, and allege as follow:

<u>**INTRODUCTION**</u>

1.      Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly-situated individuals who would have been barred from working by their employer, the Defendant United States of America, during the partial government shutdown due to a lapse in appropriations starting at 12:01 a.m., on December 22, 2018, except that they were classified as "excepted employees" ("Excepted Employees").  The U.S. Office of Personnel Management ("OPM") uses the term "excepted" to refer to "employees who are funded through annual appropriations who are nonetheless excepted from the furlough because they are performing work that, by law, may continue to be performed during a lapse in appropriations."  OPM Guidance for Government Furloughs, Sect. B.1. (Sept. 2015), *available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf.      Such Excepted Employees "include employees who are performing emergency work involving the safety of human life or the protection of property or performing certain other types of excepted work."  *Id.* These Excepted Employees were not paid for overtime work performed after the commencement of the shutdown on their regularly scheduled payday ("Scheduled Payday") for biweekly pay period 25, which includes December 9, 2018 through December 22, 2018 ("Pay Period 25").  As a result, Excepted Employees who are classified as non-exempt from the overtime requirements

of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), were not paid on their Scheduled Payday for work performed after the commencement of the shutdown in excess of the applicable overtime thresholds. Plaintiffs seek payment of wages owed, liquidated damages, and all appropriate relief under the FLSA for themselves and all other FLSA non-exempt Excepted Employees in the amount of any overtime payments to which they were entitled on the Scheduled Payday, including related payments for any payday moving forward until the shutdown is resolved.

2.  Additionally, on January 6, 2019, Acting White House Chief of Staff John Michael Mulvaney declared: "If we don't have an agreement I think by midnight on the 8th, which is Tuesday, then payroll will not go out as originally planned on Friday night." *See* Jane C. Timm, *Government employees could go without pay for nearly a month, at least,* NBC News (January 7, 2019), *available at* https://www.nbcnews.com/politics/donald-trump/government-employees-could-go-without-pay-nearly-month-n955741. As a result, the government failed to pay Excepted Employees the minimum wage of $7.25 for each hour worked for the December 23-January 5 pay period on their regularly scheduled pay date, and will continue to fail to pay Excepted Employees the minimum wage on subsequent pay periods moving forward until the shutdown is resolved and the employees are actually paid. Plaintiffs seek payment of the owed wages, liquidated damages, and all other appropriate relief under the FLSA, for themselves and all other Excepted Employees at the rate of $7.25 per hour times the number of hours worked during the Pay Period, or alternatively, for themselves and other Excepted Employees in an amount equal to the difference between $290 (the minimum wage of $7.25 per hour times forty hours per week) and the amount paid on the Scheduled Payday for work performed during each of the two weeks during Pay Period 26 (between December 23, 2018 and January 5, 2019), as well as related payments for any failure to pay the minimum wage on Scheduled Paydays moving forward if the shutdown is not resolved.

3.     Plaintiffs bring this action on their own behalves and on behalf of all government employees who (a) were classified by Defendant as "Excepted Employees," (b) performed FLSA non-exempt work for Defendant at any time after 12:01 a.m. on December 22, 2018, and (c) were not paid for such work on their Scheduled Payday.  The members of this proposed collective action, including the Plaintiffs and Excepted Employees, are also referred to as "Members."

## JURISDICTION AND VENUE

4.     The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1), as this is a claim against the United States founded on an Act of Congress and for damages in a case not sounding in tort.

## PARTIES

5.     Original Plaintiff Justin Tarovisky was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25. Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.  Plaintiff was classified as an Excepted Employee and performed work for Defendant during Pay Period 26 for which Plaintiff was not compensated on his Scheduled Payday.

6.     Original Plaintiff Grayson Sharp was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25. Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.  Plaintiff was classified as an Excepted Employee and performed work for Defendant during Pay Period 26 for which Plaintiff was not compensated on his Scheduled Payday.

7.     Plaintiff Sandra Parr was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on her Scheduled Payday.

8.     Plaintiff Justin Bieger was an employee of Defendant classified as FLSA non-exempt in its Federal Emergency Management Agency within the Department of Homeland Security during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on her Scheduled Payday.

9.     Plaintiff James Bratton was an employee of Defendant classified as FLSA non-exempt within U.S. Immigration and Customs Enforcement within the Department of Homeland Security during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

10.    Plaintiff William Frost was an employee of Defendant classified as FLSA non-exempt within Voice of America within the U.S. Agency for Global Media during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

11.    Plaintiff Steve Glaser was an employee of Defendant classified as FLSA non-exempt in its National Park Service within the Department of the Interior during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including

during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

12.     Plaintiff Aaron Hardin was an employee of Defendant classified as FLSA non-exempt in its National Weather Service within the Department of Commerce during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

13.     Plaintiff Stuart Hillenbrand was an employee of Defendant classified as FLSA non-exempt within the U.S. Secret Service within the Department of Homeland Security during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

14.     Plaintiff Joseph Karwoski was an employee of Defendant classified as FLSA non-exempt within U.S. Customs and Border Protection within the Department of Homeland Security during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

15.     Plaintiff Patrick Richoux was an employee of Defendant classified as FLSA non-exempt in its Federal Bureau of Investigation within the Department of Justice during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

16.     Plaintiff Derrek Root was an employee of Defendant classified as FLSA non-exempt in its Bureau of Alcohol, Tobacco, Firearms and Explosives within the Department of Justice during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

17.     Plaintiff Carlos Shannon was an employee of Defendant classified as FLSA non-exempt in its Bureau of Prisons within the Department of Justice during Pay Period 25.  Plaintiff performed work, including overtime work, for Defendant on at least one day during Pay Period 25 for which Plaintiff was not compensated on the Scheduled Payday.  Plaintiff was classified as an Excepted Employee and performed work for Defendant during Pay Period 26 for which Plaintiff was not compensated on his Scheduled Payday.

18.     Plaintiff Shannon Swaggerty was an employee of Defendant classified as FLSA non-exempt in its Transportation Security Administration within the Department of Homeland Security during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

19.     Plaintiff Geoffrey Wellein was an employee of Defendant classified as FLSA non-exempt in its Drug Enforcement Administration within the Department of Justice during Pay Periods 25 and 26 of 2018.  Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on his Scheduled Payday.

20.     Plaintiff Becky White was an employee of Defendant classified as FLSA non-exempt in its Food Safety Inspection Service within the Department of Agriculture during Pay

Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on her Scheduled Payday.

21.     Plaintiff Tammy Wilson was an employee of Defendant classified as FLSA non-exempt in its Indian Health Service within the Department of Health and Human Services during Pay Periods 25 and 26 of 2018. Plaintiff has performed work for Defendant since December 22, 2018, including during Pay Period 26, for which Plaintiff did not receive overtime and/or minimum wage compensation on her Scheduled Payday.

22.     Plaintiffs have given their written consents to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents, containing each Plaintiff's name, address and signature, are appended to this Complaint.

23.     Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

## ADDITIONAL FACTUAL ALLEGATIONS
## RELEVANT TO ALL EXCEPTED EMPLOYEES CLASSIFIED AS
## NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS
## AND WHO WORKED OVERTIME

24.     Defendant partially shut down starting at 12:01 a.m., December 22, 2018. As of this filing, the shutdown continues.

25.     The partial shutdown did not cause certain individuals within the government to cease working, including members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential appointees who are not covered by the leave system in 5 U.S.C. chapter 63. While most of the military – including the U.S. Army, Navy, Air Force, and Marines – has separate funding, the Coast Guard is affected by the current lapse in

appropriations and the shutdown that began on December 22, 2018, because it is part of the U.S. Department of Homeland Security.

26. Defendant designated all its civilian employees in agencies and positions that were affected by the partial shutdown either as Excepted Employees or as Non-Excepted Employees. Excepted Employees were required to report to work and perform their normal duties, but they were not timely compensated for certain work performed in Pay Period 25, including work performed on December 22, 2018. In addition, as contemplated by Acting White House Chief of Staff Mulvaney that Excepted Employees would not be receiving pay in Pay Period 26 if the shutdown continued past Tuesday, January 8, 2019, Plaintiffs did not receive compensation on the Scheduled Payday for the overtime work they performed during Pay Period 26 and future pay periods if the shutdown continues and work (including overtime) is performed.

27. Upon information and belief, there are over approximately 400,000 Excepted Employees, including each of the Plaintiffs, during the partial shutdown that started on December 22, 2018.

28. Defendant is obligated to pay overtime pay for work performed in excess of applicable thresholds which may differ for FLSA non-exempt employees classified as law enforcement employees or fire fighters than for other FLSA non-exempt employees. For overtime work performed during Pay Periods 25 and 26 and subsequent Pay Periods, the FLSA obligated Defendant to make such overtime payments on the Scheduled Payday.

29. Defendant did not pay non-exempt Excepted Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed on December 22, 2018, during the pay period beginning on December 23, 2018, and on subsequent paydays if the shutdown is not resolved.

30.     Excepted Employees typically are paid biweekly.

31.     For most or all Excepted Employees, the first pay period affected by the partial shutdown commenced Sunday, December 9, 2018 and ended Saturday, December 22, 2018.

32.     Upon information and belief, Excepted Employees, including some of the Plaintiffs, were not paid on their Scheduled Payday for overtime work performed on Saturday, December 22, 2018.  As of the filing of the Complaint, it is difficult to determine when any of the Excepted Employees will be paid for the overtime work performed on December 22, 2018 or for the subsequent work performed during the partial shutdown.

33.     Each Excepted Employee received information showing the amount received for work performed during each week of the preceding pay period.

34.     Because Excepted Employees were paid for a maximum of only six days during the second week of Pay Period 25, between December 16 and December 22, 2018, each Excepted Employee was not paid at all on the Scheduled Payday for any work performed on December 22, 2018.

35.     As a result, the Excepted Employees, including some of the Plaintiffs, have not been timely paid for work performed on Saturday, December 22, 2018, on the date when such payment was due in violation of the FLSA.

36.     As anticipated by the Acting White House Chief of Staff's statement, Defendant did not pay non-exempt Excepted Employees on the Scheduled Payday for work in excess of the applicable overtime thresholds performed in the pay period beginning on December 23, 2018, nor will it pay for related payments on scheduled paydays moving forward if the shutdown is not resolved.

37. Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA and can rely on no authorities indicating that its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA.

38. This Court has found that the federal government's failure to timely pay similarly-situated plaintiffs violates the FLSA and that the government is liable for liquidated damages for committing such violations. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017). Under the circumstances, Defendant violated the FLSA by not paying Excepted Employees on their regularly scheduled payday, and it will continue to do so if the shutdown is not resolved.

39. Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

40. Because of the actions alleged above, the Excepted Employees, including some of the Plaintiffs, have suffered monetary damages and are entitled to wages owed, liquidated damages, and all other appropriate relief available under the FLSA.

**ADDITIONAL FACTUAL ALLEGATIONS
RELEVANT TO ALL EXCEPTED EMPLOYEES**

41. As it relates to the government's failure to pay the minimum wage, the first pay period affected by the partial shutdown commenced Sunday, December 23, 2018. That pay period ended on January 5, 2019. Plaintiffs and Excepted Employees were not paid on their regularly Scheduled Payday for work performed during this period, and upon information and belief, will not be paid on future Scheduled Paydays if the shutdown is not resolved.

42. As described above, the Acting White House Chief of Staff indicated that Excepted Employees will not be paid if the shutdown continues after Tuesday, January 8, 2019. That moment has passed, and, as of this filing, the shutdown continues until a time not currently known.

43.     As a result, the Defendant did not pay Excepted Employees for work performed between December 23, 2018 and January 5, 2019, and will not pay wages on other Scheduled Paydays until the shutdown is resolved, on the date when such payment was due, in violation of the FLSA.

44.     Excepted Employees are paid pursuant to schedules that permit their pay rates to be calculated as a certain amount per hour.

45.     If compliance with the FLSA's minimum wage is evaluated on an hourly basis or a weekly basis, then Defendant paid Excepted Employees less than minimum wage on their Scheduled Paydays.

46.     The minimum wage applicable to Members is $7.25 per hour, or $290 for a forty-hour week.

47.     Because Members were not paid for work performed during the Pay Period, Excepted Employees will be paid less than $290 each week for work performed during that period.

48.     Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees the minimum wage for work performed during the Pay Period complied with the FLSA and relied on no authorities indicating that its failure to pay Excepted Employees the minimum wage complied with the FLSA.

49.     As further described in Paragraph 38 above, under the circumstances, Defendant violated the FLSA by not paying Excepted Employees minimum wage on the Scheduled Payday for work performed.

50.     Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

51.     As a result of the actions alleged above, the Excepted Employees, including the Plaintiffs, have suffered monetary damages and are entitled to payment of wages owed, statutory liquidated damages, and any other remedy available under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

52.     Defendant uniformly failed to pay Plaintiffs and many or all Excepted Employees throughout the United States overtime wages on their Scheduled Payday.

53.     As contemplated by the Acting White House Chief of Staff's statement, the Defendant also uniformly failed to pay Plaintiffs and other Excepted Employees throughout the United States overtime wages and minimum wages on their Scheduled Payday for the pay period beginning on December 23, 2018, and on future paydays if the government shutdown is not resolved.

54.     The amount of wages owed and liquidated damages due Plaintiffs and other Excepted Employees, including the amount of unpaid overtime and liquidated damages due Excepted Employees, who worked overtime on December 22, 2018, can be computed for all Excepted Employees using the same methodologies and Defendant's payroll records and employee data.

55.     The amount of wages owed and liquidated damages due Plaintiffs and other Excepted Employees, including the amount of unpaid minimum wages and unpaid overtime and liquidated damages due Excepted Employees, who worked regular time and overtime after December 23, 2018, can be computed for all Excepted Employees using the same methodologies and Defendant's payroll records and employee data.

56.     Based on reports in various sources, Plaintiffs are informed and believe that there are about 400,000 Excepted Employees who were affected by the actions and failures alleged here. A collective action is the most efficient means for resolution of the claims alleged.

57. Defendant should be required to give electronic notice of this collective action to all Excepted Employees at their work email addresses using Court-approved language because of the large number of Excepted Employees and the ease with which Defendant may communicate with the Excepted Employees electronically at those email addresses.

## COUNT ONE

### FAILURE TO PAY OVERTIME TO EXCEPTED EMPLOYEES
### CLASSIFIED AS NON-EXEMPT FROM THE FLSA OVERTIME PROVISIONS
### AS REQUIRED UNDER THE FLSA

58. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

59. Defendant failed to pay overtime to Excepted Employees classified as non-exempt from the FLSA overtime provisions who worked in excess of the applicable threshold for overtime performed on December 22, 2018, during the pay period beginning on December 23, 2018, and on subsequent paydays if the shutdown is not resolved.

60. Many Excepted Employees classified as non-exempt from the FLSA's overtime provisions worked in excess of the applicable threshold for overtime pay on December 22, 2018, as well as on days during the pay period beginning on December 23, 2018, and Excepted Employees will likely continue to do such work during subsequent pay periods if the shutdown is not resolved.

61. Defendant violated the FLSA by failing to pay overtime pay on the Scheduled Payday to Excepted Employees classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay. Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

62. As contemplated by the Acting White House Chief of Staff, Defendant also violated the FLSA by failing to pay overtime pay on the Scheduled Payday to Excepted Employees

classified as non-exempt from the FLSA's overtime provisions who worked in excess of the applicable threshold for overtime pay during the pay period beginning on December 23, 2018, and on subsequent paydays if the shutdown is not resolved. Such violations are willful, and in conscious or reckless disregard of the requirements of the FLSA.

63. As a result, Excepted Employees covered by the FLSA's overtime provisions suffered injuries, including monetary damages, and are entitled to wages owed and to liquidated damages.

## COUNT TWO

### FAILURE TO PAY MINIMUM WAGES TIMELY TO EXCEPTED EMPLOYEES CLASSIFIED AS NON-EXEMPT FROM THE FLSA AS REQUIRED UNDER THE FLSA

64. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

65. As contemplated by the Acting White House Chief of Staff's statement, Defendant failed to pay Excepted Employees for work performed during the pay period beginning on December 23, 2018, on the Scheduled Payday, and will fail to pay them for work performed during subsequent pay periods if the shutdown is not resolved. As a result, all Excepted Employees will be paid less than minimum wage if the obligation is determined on an hourly basis or weekly basis.

66. Defendant's failure to pay Excepted Employees minimum wage on their Scheduled Payday violates the FLSA. Defendant's violation is willful and in conscious or reckless disregard of the requirements of the FLSA.

67. As a result, Plaintiffs and other Excepted Employees suffer injuries, including monetary damages, and are entitled to wages owed and statutory liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a)     Enter a declaration that Defendant has violated its statutory and legal obligations and deprived Plaintiffs and all other Excepted Employees of their rights, privileges, protections and compensation under the law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

(b)     Convene a collective action pursuant to 29 U.S.C. § 216(b) and require Defendant to provide electronic notice to all Members and to provide to Plaintiffs the last known names and addresses (including electronic mail addresses) of all Members in a readily readable and useable electronic format;

(c)     Award Members classified as non-exempt from the FLSA's minimum wage and overtime provisions the wages they are owed and monetary damages in the form of liquidated damages under the FLSA equal to the amount of minimum wages and overtime compensation that they should have been paid on the Scheduled Paydays for work performed on and after December 22, 2018;

(d)     Award Plaintiffs and all other Members their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

(e)     Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

  s/ Heidi R. Burakiewicz
HEIDI R. BURAKIEWICZ
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
hburakiewicz@kcnlaw.com

Counsel of Record for the Plaintiffs

February 19, 2019




Zachary R. Henige
Robert DePriest
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue NW, Suite 1000
Washington, D.C. 20006
(202) 331-9260 (phone)
(877) 219-7127 (fax)
zhenige@kcnlaw.com
rdepriest@kcnlaw.com

Of Counsel for the Plaintiffs


Judith Galat
Assistant General Counsel
American Federation of Government Employees
80 F Street, N.W.
Washington, DC 20001
(202) 639-6424 (phone)
(202) 639-6441 (fax)
galatj@afge.org

Of Counsel for the Plaintiffs


February 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Federal Claims by using the CM/ECF system. I also certify that the foregoing document is being served on Defendant's counsel of record and that service will be accomplished by the CM/ECF system.

Respectfully,

 s/ Heidi R. Burakiewicz
Heidi R. Burakiewicz

February 19, 2019

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12-29-2018
Date

_Justin Tarovisky_
Signature

Justin Tarovisky
Printed Name

2796 Kingwood Pike
Home Street Address

Morgantown, WV 26508
City, State, Zip Code


Employment History:

Federal Bureau of Prisons
Federal Agency

FCC Hazelton
Duty Assignment/Job Location

Senior Officer Specialist
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12/30/2018
Date

_Grayson S Sharp_
Signature

GRAYSON S. SHARP
Printed Name

34 OAK LANE
Home Street Address

WAYMART Pa. 18472
City, State, Zip Code

Employment History:

DOJ / BOP
Federal Agency

USP CANAAN
Duty Assignment/Job Location

Senior Officer Specialist
Job Title

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

_1-12-19_
Date

_Samel f Parr_
Signature

_Sandra J Parr_
Printed Name

_602 meadowlack ct NW_
Home Street Address

_Byron mn  55920_
City, State, Zip Code


Employment History:

_Bureau of Prisons_
Federal Agency

_Federal medical center (fmc)_
_Rochester, MN_
Duty Assignment/Job Location

_Cook foreman_
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

01/14/2019
Date

_____
Signature

Justin Brieger
Printed Name

1307 Dogleg Dr
Home Street Address

Locust Grove, VA 22508
City, State, Zip Code

Employment History:

DHS / FEMA
Federal Agency

Mount Weather, VA
Duty Assignment/Job Location

Police Officer
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

January 11, 2019
Date

_Signature_

James Bratton
Printed Name

9 Pilgrim Corners Road
Home Street Address

Middletown N.Y. 10940
City, State, Zip Code

Employment History:

DHS/ICE
Federal Agency

Deportation Officer / Newburgh N.Y.
Duty Assignment/Job Location

Deportation Officer
Job Title

## **CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12 JAN, 2019
_____
Date

_____
Signature

WILLIAM R. FROST
_____
Printed Name

6604 CARDINAL LN
_____
Home Street Address

FREDERICKSBURG, VA 22407
_____
City, State, Zip Code

Employment History:

JOA/USAGM
_____
Federal Agency

NETWORK CONTROL CENTER
_____
Duty Assignment/Job Location

TELECOMM SPECIALIST
_____
Job Title

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

01/13/2019
Date

_Signature_

STEVE GLASER
Printed Name

599 BYRD AVE
Home Street Address

MOAB, UT 84532
City, State, Zip Code


Employment History:

NATIONAL PARK SERVICE
Federal Agency

ARCHES NATIONAL PARK MOAB, UT
Duty Assignment/Job Location

LAW ENFORCEMENT RANGER
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1/13/19
Date

Signature

Aaron Hardin
Printed Name

1111 W. St. Mary's Rd Apt. 806
Home Street Address

Tucson, AZ 85745
City, State, Zip Code

Employment History:

National Weather Service
Federal Agency

Tucson Weather Forecast Office
Duty Assignment/Job Location

Meteorologist Intern
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1/14/19
Date

Signature

Stuart D. Hillenbrand
Printed Name

3662 Tavistock Rd.
Home Street Address

Fredrick, MD 21704
City, State, Zip Code

Employment History:

U.S. Secret Service
Federal Agency

Washington, D.C.
Duty Assignment/Job Location

Lieutenant
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1-11-2019
Date

Signature

Joseph Karwoski
Printed Name

24905 Star Valley Dr.
Home Street Address

St. Clair Shores, MI, 48080
City, State, Zip Code


Employment History:

U.S. Border Patrol
Federal Agency

Detroit Sector, Michigan
Duty Assignment/Job Location

Law Enforcement Communications assistant.
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1/14/18
Date

_Signature_

Patrick Richoux
Printed Name

4508 Banks Street
Home Street Address

New Orleans, La. 70119
City, State, Zip Code

Employment History:

FBI
Federal Agency

New Orleans Field office
Duty Assignment/Job Location

Operational Support Technician
Job Title

## **CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1-11-2019
Date

*Derek Root*
Signature

Derrek Root
Printed Name

9327 White Sand Court
Home Street Address

Fort Wayne, IN 46804
City, State, Zip Code

Employment History:

Bureau of Alcohol, Tobacco, Firearms and Explosives
Federal Agency

Fort Wayne Field Office
Duty Assignment/Job Location

Industry Operations Investigator
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

12-30-2018

Date

Signature

Carlos Shannon

Printed Name

1741 Berryhill Rd

Home Street Address

Cordova, TN 38016

City, State, Zip Code

Employment History:

BOP

Federal Agency

FCI Memphis

Duty Assignment/Job Location

Correctional Officer

Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

1/12/2019
Date

_Signature_

Shannon Edward Swasserty
Printed Name

12607 Sitka Ct.
Home Street Address

Charlotte, NC 28227
City, State, Zip Code

Employment History:

Transportation Security Administration
Federal Agency

Charlotte Douglas International Airport
Duty Assignment/Job Location

Transportation Security Officer
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

JAN 12, 2019
_____
Date

_____
Signature

GEOFFREY M. WELLEIN
_____
Printed Name

5149 WILLOW CREEK CIRCLE
_____
Home Street Address

EL PASO, TX 79932-2521
_____
City, State, Zip Code

Employment History:

DOJ/ DRUG ENFORCEMENT ADMINISTRATION
_____
Federal Agency

SPECIAL AGENT/EL PASO, TX
_____
Duty Assignment/Job Location

SPECIAL AGENT
_____
Job Title

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

01-11-2019
Date

_Becky White_
Signature

_Becky White_
Printed Name

_217 Vine St._
Home Street Address

_Newark, AR 72562_
City, State, Zip Code

Employment History:

_USDA - FSIS_
Federal Agency

_Est. 468/SDO - Batesville, AR_
Duty Assignment/Job Location

_Consumer Safety Inspector_
Job Title
_Local 2650 Union President AFGE_

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I have worked for the United States Government and that during the government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act, the Back Pay Act, and any other applicable laws or regulations

01/11/2019
Date

_Tammy Lyn Wilson_
Signature

Tammy Lyn Wilson
Printed Name

10707 E. Sycamore Ave
Home Street Address

Claremore, OK, 74019
City, State, Zip Code

Employment History: 29 yrs /0 mos.

DHHS
Indian Health Services
Federal Agency

Pharmacy Tech/ Claremore Indian Hospital
101 S. Moore Ave.
Claremore, OK 74017
Duty Assignment/Job Location

Pharmacy Technician
Job Title